IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 13, 2013

**STATE OF TENNESSEE v. RICKY J. JONES
and SHANE EUGENE McCLANAHAN**

**Appeal from the Criminal Court for Smith County
Nos. 2012-CR-150, 2012-CR-193,     David E. Durham, Judge
2012-CR-147, 2012-CR-268**

_____

**No. M2013-01174-CCA-R3-CD- Filed March 11, 2014**

_____


JOHN EVERETT WILLIAMS, J., concurring in results.

I write separately because my review and interpretation of the record leads me to a different conclusion that those reached by my colleagues in their reasoned and well-written opinions. While I do concur with the results reached by Judge McMullen, I do so based upon different reasoning as herein expressed. Because I do agree with her conclusion, Judge McMullen writes as the majority.

With regard to the search of Defendant McLanahan, I conclude that the trial court's finding of reasonable suspicion was not supported by the evidence. Rather, I conclude that Deputy Agree did not have reasonable suspicion, based upon the smell of marijuana around Defendant McLanahan in the store, to conduct the seizure in his automobile.

Absent the testimony of Deputy Agree, which the trial court accredited, that he smelled the odor of marijuana emanating from the defendant, there exists no other evidence or testimony which provides a basis for reasonable suspicion. Because the trial court's determination with regard to whether Deputy Agee actually smelled the odor of marijuana emanating from the Defendant McLanahan is so equivocal, I do not believe that it can provide the basis for establishing reasonable suspicion. More specifically, the trial court stated that it had a problem with how Deputy Agee smelled drugs on Defendant McLanahan. The trial court also questioned whether the officer in fact smelled drugs on Defendant McLanahan, the clerk, or on other people that were in this public grocery store. This fact alone is the cause of my greatest concern when reviewing this record. A trial court must base its finding on credible evidence. Because the trial court directly questions on the record whether the odor of marijuana came from Defendant McLanahan or from another, I cannot

conclude that reasonable suspicion exists. Therefore, I would suppress all the evidence found as a result of the stop on reasonable suspicion grounds rather than upon unreasonable police action in not taking immediate action as does the majority.

Regarding the search of Defendant Jones, I acknowledge that Judge Woodall raises very reasonable and well-reasoned points of law. However, the State failed, on appeal, to raise any of the issues which are so ably addressed by Judge Woodall. I would find those issues to be waived.

_____
JOHN EVERETT WILLIAMS, JUDGE